Ravanna SANDERS–BEY,
c/o Washitaw Nation of
Muurs, Appellant

v.

Kenneth Lee SALAZAR, Secretary of
the Interior, et al., Appellees.

No. 10–5196.

United States Court of Appeals,
District of Columbia Circuit.

Sept. 27, 2010.

Ravanna Sanders–Bey, Chicago, IL, pro se.

R. Craig Lawrence, U.S. Attorney's Office, Civil Division, Washington, DC, for Appellees.

Before: SENTELLE, Chief Judge, and BROWN and GRIFFITH, Circuit Judges.

### JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. *See* Fed. R. App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order filed May 19, 2010, be affirmed, as the court correctly held that appellant was not entitled to the requested mandamus relief. *See, e.g., In re: Medicare Reimbursement Litigation*, 414 F.3d 7, 10 (D.C.Cir.2005) ("[A] district court may grant mandamus relief if '(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff.'") (quoting *Power v. Barnhart*, 292 F.3d 781, 784 (2002) (quoting *Northern States Power Co. v. United States Department of Energy*, 128 F.3d 754, 758 (D.C.Cir.1997))). Furthermore, although appellant "prays that this Court maintain[ ] the Plaintiff as a class member" in the Cobell Indian trust litigation, Appellant's Brief at 16, appellant has not shown an entitlement to such relief.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R. App. P. 41(b); D.C.Cir. Rule 41.